**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 23 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

RAYMUNDO ROMERO,

      Petitioner - Appellant,

v.

LENORA JORDAN, Warden,

      Respondent - Appellee.

No. 02-6058
D.C. No. CIV-01-864-R
(W.D. Oklahoma)

ORDER AND JUDGMENT  *

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner-Appellant Raymundo Romero appeals from the district court's order denying his petition for a writ of habeas corpus. In order for Mr. Romero to proceed on appeal, we must grant him a certificate of appealability (COA). 28 U.S.C. § 2253(c)(1)(A). A COA will only issue "if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). Upon consideration, we deny a COA and dismiss this appeal.

Mr. Romero makes two basic arguments in support of his entitlement to a COA. First, he argues that *Stone v. Powell*, 428 U.S. 465 (1976) does not bar consideration of his Fourth Amendment claims on habeas review. Second, he contends that he raised a Fifth Amendment-based claim under *Miranda v. Arizona*, 384 U.S. 436 (1966) that was not barred by *Stone* and should have been considered by the district court.

1. **Fourth Amendment claims**

Mr. Romero raises numerous Fourth Amendment claims relating to his arrest and the search of his pickup truck that resulted in the discovery and seizure of a large quantity of methamphetamine. The district court concluded that these claims were barred from federal habeas review .

Mr. Romero correctly notes that *Stone* only bars Fourth Amendment claims on state habeas where the state courts have provided "an opportunity for full and fair litigation" of the claim. *Stone*, 428 U.S. at 494. He contends that he was not

provided such an opportunity, because the state court trial judge's comments indicate that he failed to review the last few minutes of the videotape of Mr. Romero's arrest.

The trial judge made his comments about his review of the videotape at the beginning of Mr. Romero's trial. Counsel indicated he had a copy of the videotape and would present it later in the trial if he felt the omission was important. He never did. Under the circumstances, Mr. Romero fails to show that he did not have a full and fair opportunity to litigate his Fourth Amendment claims before the state trial court.

Mr. Romero also raised his Fourth Amendment issues on appeal. He does not argue that he was unable to present the videotape or his argument that it had not been fully reviewed to the Oklahoma Court of Criminal Appeals (OCCA). In fact, the videotape was made part of the appellate record before the OCCA, which considered and rejected his Fourth Amendment claims in an adequate written decision. Under the circumstances, he fails to demonstrate that he was denied a full and fair opportunity to litigate his Fourth Amendment claims in the state trial and appellate courts. *See Cannon v. Gibson*, 259 F.3d 1253, 1262 (10th Cir. 2001) (enforcing *Stone* bar where defendant was offered opportunity to supplement direct appeal record with materials allegedly omitted at district court suppression hearing), *cert. denied*, 122 S. Ct. 1966 (2002).

## 2. *Miranda* challenge

Mr. Romero also complains that the district court reached an erroneous conclusion concerning his *Miranda* challenge. He first disagrees with the district court's conclusion that he did not raise a *Miranda* challenge in the state courts.[1] Although his counsel waived a *Miranda* challenge at trial, *see* Trial Tr. at 4, Mr. Romero argued on direct appeal to the OCCA that he should have been given a *Miranda* warning before consent to search was requested. R., doc. 2, attachment 1 at 10-11. The OCCA did not procedurally bar this argument. We conclude that the argument was presented in state court and is not barred by state procedural bar or for failure to exhaust.[2]

We next consider whether *Stone* bars the assertion of Mr. Romero's *Miranda* argument. As a general rule, *Stone* does not apply to Fifth Amendment *Miranda*-based challenges. *See Withrow v. Williams*, 507 U.S. 680, 683 (1993). Here, however, the *Miranda* argument is raised as part of Mr. Romero's *Fourth*

---

[1]  The district court's specific statement was that Mr. Romero did not make a Fifth Amendment-based *Miranda* challenge in the state courts. As will be seen, this statement is technically correct, because Mr. Romero's *Miranda* challenge is in reality a Fourth Amendment challenge.

[2]  The district court also stated the *Miranda* argument was waived because it had not been raised in Mr. Romero's federal habeas petition. Out of an abundance of caution, we will read the pro se petition to raise a *Miranda* argument. The petition states that Mr. Romero was denied "due process" when the state failed to prove that his consent to search was voluntary. Also, Mr. Romero submitted as an attachment to the petition a state brief containing the *Miranda* argument.

-4-

Amendment challenge. In essence, he argues that his consent to search was involuntary because it was obtained in violation of *Miranda*.[3]

Simply put, the real issue Mr. Romero raises here is voluntary consent to search (a Fourth Amendment issue) rather than self-incrimination (a Fifth Amendment issue). *See United States v. Smith*, 3 F.3d 1088, 1098 (7th Cir. 1993) ("[C]onsent to search is not a self-incriminating statement and, therefore, a request to search does not amount to interrogation."). Therefore, although denominated a *Miranda* claim, the claim is barred by *Stone*. *Cf. Tukes v. Dugger*, 911 F.2d 508, 513 (11th Cir. 1990) (applying *Stone* to bar Sixth Amendment claim of invocation of right to counsel, where real thrust of claim was consent to search under Fourth Amendment).

---

[3] On direct review from a federal conviction, defendants have sometimes argued that they were not read their *Miranda* rights prior to executing a consent to search. In such cases, we have treated the *Miranda* issue as one factor in determining whether the consent given was voluntary. *See, e.g., United States v. Dozal*, 173 F.3d 787, 796 (10th Cir. 1999). On federal habeas review of a state conviction, however, *Stone* bars such *Miranda*-based challenges, which are really nothing more than Fourth Amendment claims in disguise.

3. **Conclusion**

Mr. Romero has failed to show his entitlement to a COA. We therefore DENY COA and DISMISS his appeal.

Entered for the Court

Robert H. Henry
Circuit Judge